IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>   v.<br><br>MARIN ALLIANCE FOR MEDICAL MARIJUANA, and LYNETTE SHAW,<br><br>  Defendants. | No. C 98-0086 CRB<br><br>**ORDER DENYING ATTORNEYS' FEES** |

The Marin Alliance for Medical Marijuana ("MAMM") moves for an attorneys' fee award under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). See Motion for Attorneys' Fees (dkts. 325, 325-1). The government responds that MAMM was not the prevailing party in this litigation. Given the unique procedural posture of this case, the Court agrees, concludes that this matter is suitable for resolution without oral argument under Civil Local Rule 7-1(b), and DENIES the motion for attorneys' fees.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

The government moved for an injunction against MAMM's sale of marijuana in January 1998. See Opp'n (dkt. 326) at 2. The Court granted summary judgment to the government and permanently enjoined MAMM's dispensary in 2002. See id. The Ninth Circuit affirmed the Court's judgment in June 2008. See USCA Memo (dkt. 259). The time to file a petition for certiorari to the Supreme Court expired ninety days later. See Al-Harbi v. INS, 284 F.3d 1080, 1084 (9th Cir. 2002).

MAMM moved for reconsideration in June 2015, arguing that the Court should dissolve the permanent injunction under Rule 60(b). See Reconsideration Motion (dkt. 326) ("Due to changed circumstances since the issuance of the injunction in May, 1998, said injunction is no longer equitable, is against public interest, and is not legally justified . . . . As a separate and distinct legal basis for dissolution, the injunction is no longer enforceable pursuant to Section 538."). The Court denied the motion for reconsideration, but noted the obvious restrictions that Section 538 placed on the Department of Justice. See Order Denying Motion to Dissolve Permanent Injunction (dkt. 277). MAMM now moves for attorneys' fees related to its Rule 60(b) Motion under the EAJA. See Motion for Attorneys' Fees; 28 U.S.C. § 2412(d).

## II.  LEGAL STANDARD

The EAJA created an exception to the American rule requiring parties to bear their own attorney's fees. See Hardisty v. Astrue, 592 F.3d 1072, 1076 (9th Cir. 2010). "Eligibility for a fee award in any civil action requires: (1) that the claimant be a prevailing party; (2) that the Government's position was not substantially justified; (3) that no special circumstances make an award unjust; and, (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement." See Comm'r, I.N.S. v. Jean, 496 U.S. 154, 158, 110 S. Ct. 2316, 2319, 110 L. Ed. 2d 134 (1990).

## III.  DISCUSSION

The Ninth Circuit has stated that "a plaintiff was not a prevailing party when he obtained no relief, only a favorable judicial statement of law in the course of litigation that result[ed] in judgment against the plaintiff." See Citizens For Better Forestry v. U.S. Dep't of Agr., 567 F.3d 1128, 1132 (9th Cir. 2009) (citing Hewitt v. Helms, 482 U.S. 755, 763, 107 S. Ct. 2672, 2677, 96 L. Ed. 2d 654 (1987)). Here, MAMM's Rule 60(b) motion was denied, although MAMM did receive a "favorable judicial statement of law" related to Section 538. See id.; Order Denying Motion to Dissolve Permanent Injunction (dkt. 277). Citizens For Better Forestry and Hewitt thus squarely foreclose an EAJA fee award in this case. See id.

2

### IV. CONCLUSION

The Court concludes—based on the unique procedural posture of this case—that MAMM has failed to establish its entitlement to an EAJA attorney fee award. The Court DENIES the motion.

**IT IS SO ORDERED.**

Dated: August 4, 2016

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE